IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

C. KISSOON,

      Plaintiff,

v.                                                                     Civil Action No. **3:12CV27**

J.A. WOODSON,

      Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

The allegations in Kissoon's Complaint are as follows:

> On 1/7/11 I received my property after being inventoried by a Sgt to my understanding his name is Rodriguez. I'm a Sunni Muslim I checked my property for my religious material only thing

> was found was my Kufi. I then press the emergency button in 2B44 c/o Johns answered I then told him I need to see c/o Lupton. c/o Lupton came to the door of 2B44 the room I was in I told her I'm missing my Qur'an. My Forty Hadith and my green and gold Hadith book. I have been Discriminated [against] by Sgt Rodriguez for being a Sunni Muslim.

(Compl. 5 (spelling corrected).) Kissoon demands $51,000.00. (*Id.* at 6.)

In his Complaint, Kissoon names the Warden of Sussex 1 Prison, J.A. Woodson, as the defendant. (*Id.* at 1.) In a subsequent letter, Kissoon states that Eddie L. Pearson is now the Warden and should be the defendant. (ECF No. 4, at 1.) As explained below, Kissoon fails to state a claim against J.A. Woodson, Eddie L. Pearson, or any other person.

### Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Kissoon fails to mention either J.A. Woodson or Eddie L. Pearson in the body of the Complaint. Thus, he has failed to allege a claim against either Pearson or Woodson.

Moreover, Kissoon fails to state a constitutional claim against Sergeant Rodriguez and Correctional Officer Lupton, the only individuals mentioned in the body of Complaint. Although Kissoon fails to specify the constitutional rights at issue, he appears to bring a claim for violation of his right under the Equal Protection Clause of the Fourteenth Amendment.[2] "The Equal Protection Clause ... is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Kissoon must allege facts that indicate: (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Kissoon fails to allege facts that suggest that any individual treated him differently than a similarly situated inmate. *See Khaliq v. Angelone*, 72 F. App'x 895, 899-901 (4th Cir. 2003) (affirming dismissal for failure to state a claim where, *inter alia*, inmates failed to

---

[2] "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

3

allege facts indicating differential treatment with respect to similarly situated inmates); *Westberry v. Thrift*, No. 3:10CV907-HEH, 2012 WL 3880384, at *7 (E.D. Va. Sept. 6, 2012). Accordingly, it is RECOMMENDED that Kissoon's claim and the action be DISMISSED.

(August 15, 2013 Report and Recommendation (alterations and omission in original).) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

There being no objections, the Report and Recommendation will be accepted and adopted. Plaintiff's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 11/18/13
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge